## CIRCUIT COURT OF LANCASTER COUNTY

Commonwealth of Virginia

    v.

Brydell Carter

June 8, 1989

By JUDGE JOSEPH E. SPRUILL, JR.

The Court has under advisement a Motion to Strike based upon the insufficiency of the Commonwealth's evidence to establish beyond a reasonable doubt the guilt of the accused as an accessory before the fact of selling and distributing cocaine.

The evidence may be summarized as follows: Mr. Barnwell, an undercover agent, approached defendant, a bouncer at a tavern, and asked him if he knew anybody who was selling cocaine. *Defendant* replied, "See Frizzey" and pointed to a car which was either ten feet or fifty feet away. Later, defendant asked Barnwell if he had been "hooked up" right.

Barnwell proceeded to the car pointed out by defendant and apparently did contact Frizzey and purchase $25.00 worth of cocaine. There were other cars and other patrons at the tavern on the night this incident occurred. There was no evidence that defendant received any proceeds from the transaction. The foregoing is apparently the extent of his involvement.

An accessory before the fact is one who is not present at the time of the commission of the crime, but who, before the commission of the crime, in some way planned, advised, or assisted in the commission of the crime knowing or

160

having reason to know of the intent of the principal to commit the crime.

The question before the Court is whether the evidence here is sufficient to establish beyond a reasonable doubt that the accused was an accessory before the fact. More directly, the question is how much involvement is necessary for guilt. The Court has no trouble concluding that defendant knew Frizzey was in the drug business and that if Barnwell wanted drugs, Frizzey was the one to see. The more difficult issue, however, is whether a simple response to a question from the undercover agent is sufficient to establish guilt.

The defendant here in a single response indicated to Barnwell a possible source of drugs. This response came at the invitation or request of Barnwell. Notwithstanding that defendant subsequently asked if Barnwell was "hooked up" right, the Court does not feel defendant's conduct shows sufficient involvement to support a conviction.

We reached this conclusion because defendant's involvement is substantially less than the involvement of defendants in all of the other cases cited by counsel in their briefs. For example, in *Robichaud v. Commonwealth*, 214 Va. 256 (1973), the defendant approached the officers and initiated the conversation; defendant suggested the purchase of drugs; defendant motioned to the seller and indicated to the seller that the officers were "cool." In this case, there were numerous overt acts to establish defendant's involvement in the sale of drugs.

In *Tolley v. Commonwealth*, 216 Va. 341 (1975), the Court concluded that Tolley's girlfriend, apparently totally subservient to him, and presumably following his orders, picked up the deceased and transported her to where she was beaten; participated in conversations at which it was agreed that deceased would be taken to Georgia; Tolley burned deceased's pocketbook, and from his comments, was obviously actively involved as an accessory before the fact to the victim's abduction.

In *Turnbull v. Commonwealth*, 216 Va. 328 (1975), defendant's conviction of being an accessory before the fact of murder was sustained based upon "ample evidence that Turnbull ordered the abduction, the beating, and the murder." Deceased owed the defendant money and defendant

threatened her, struck her, and pursued her in vain efforts to obtain payment. Defendant ordered a subordinate to "go and teach Sandy a lesson."

In *McGhee v. Commonwealth*, 221 Va. 422 (1980), the defendant for several weeks repeatedly encouraged Brogan to kill her husband and informed him from time to time of her husband's whereabouts. The Court here concluded that defendant instigated the commission of her husband's murder. It is interesting that even with the substantial evidence in this case, Justice Comptom dissented, opining that the evidence was not sufficient to establish that the accused was an accessory before the fact.

In all of the foregoing cases, the defendants' involvement in the various criminal activity was considerably more substantial than was the conduct of this defendant. Therefore, the Court believes that the defendant's Motion to Strike should be granted.